IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Maurice D. Washington, | ) | Civil Action No. 2:19-1929-RMG |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| Al Cannon, | ) | |
| | ) | |
| Respondent. | ) | |

Before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 10) recommending that Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed without prejudice and without requiring a return to be filed. For the reasons set forth below, the Court adopts the R & R as the Order of the Court and dismisses the petition without prejudice and without requiring a return to be filed.

I. **Background**

Petitioner Maurice Washington petitions the Court for federal habeas corpus relief under 28 U.S.C. § 2241. Petitioner is in jail on four charges and brings the instant § 2241 petition to challenge the constitutionality of his custody.[1] (Dkt. No. 1.) He requests release from custody and dismissal of all his charges. (*Id.*)

II. **Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight and the responsibility to make a final determination remains with the

---

[1] Petitioner claims he is unconstitutionally held pursuant to U.S. CONST. amend. (I) – (XIV); S.C. R. CRIM. P. 5; S.C. R. EVID. 702, 703; *Miranda v. Arizona*, 384 U.S. 43 (1966); *Edwards v. Arizona*, 451 U.S. 477 (1981); *Brady v. Maryland*, 373 U.S. 83 (1963); *State v. Cole*, 403 S.E.2d 117 (S.C. 1991).

Court. *See, e.g., Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Where there are specific objections to the R & R, the Court "makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Where a petitioner has not objected, the Court reviews the R & R to "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note; *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) ("In the absence of objection . . . we do not believe that it requires any explanation."). Petitioner has not filed objections and the Court reviews the R & R for clear error.

## III. Discussion

The Court finds that the Magistrate Judge properly concluded that the petition should be dismissed. Petitioner seeks to dismiss charges pending in South Carolina state court. (Dkt. No. 1.) Generally, a petitioner may not attempt to "dismiss an indictment or otherwise prevent a prosecution" through a claim for federal habeas corpus relief. *Dickerson v. State of La.*, 816 F.2d 220, 226 (5th Cir. 1987). National policy "forbids federal courts to stay or enjoin pending state court proceedings except under special circumstances." *Younger v. Harris*, 401 U.S. 37, 41 (1971). The *Younger* doctrine has been interpreted to prohibit a federal court from exercing jurisdiction over a federal habeas corpus claim in three instances where: "(1) there is an ongoing state judicial proceeding that began prior to substantial progress in the federal proceeding; (2) that proceeding implicates important, substantial, or vital state interests, and (3) there is an adequate opportunity to raise constitutional challenges within the framework of the state judicial process." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

The Magistrate Judge ably applied the elements to petitioner's case. Petitioner filed his federal habeas claim while in jail on four pending South Carolina state criminal charges. (Dkt. No. 1.) A state has an interest in the "efficient operation of [its] criminal justice system" and this is regarded as an "important state interest." *See Cooper v. Oklahoma*, 517 U.S. 348, 367 (1996). The Magistrate Judge correctly concluded that element one and two are met. (Dkt. No. 10 at 2.) Regarding element three, the Magistrate Judge reviewed the petition and concluded the third element has been met because a "pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975). This Court agrees.

In addition, the Magistrate Judge reviewed the petition for any "special circumstances" which would allow the Court to exercise jurisdiction over petitioner's claims despite the *Younger* doctrine. Special circumstances create a "threat of irreparable injury both great and immediate." *Id.* at 123; *see also Younger*, 401 U.S. at 45 (noting that special circumstances may arise when "absolutely necessary for protection of constitutional rights.") Upon a review of the petition, the Court agrees with the Magistrate Judge that the petition does not present special circumstances.[2] As the § 2241 petition presents no special circumstances in which the Court may exercise jurisdiction, it must be dismissed pursuant to the *Younger* doctrine. *See Younger v. Harris*, 401 U.S. 37, 41 (1971).

---

[2] Petitioner generally argues the *Younger* doctrine does not apply. The Magistrate Judge construed his argument to mean he is unable to assert constitutional challenges in state court. The Magistrate Judge correctly noted that South Carolina courts regularly address a variety of constitutional issues as demonstrated by cases cited in the petition itself. *See, e.g., State v. Johnson*, 776 S.E.2d 367 (S.C. 2015); *State v. Simpson*, 823 S.E.3d 229 (S.C. Ct. App. 2019); *State v. Hill*, 822 S.E.2d 344 (S.C. Ct. App. 2018.)

## IV. Conclusion

For the foregoing reasons, the Court **ADOPTS** the R & R of the Magistrate Judge (Dkt. No. 10) as the Order of the Court and **DISMISSES WITHOUT PREJUDICE** the petition for § 2241 relief and without requiring a return to be filed.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

August 19, 2019
Charleston, South Carolina